## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**JAMIE BLOCK and**
**RANDI REZUTKA,**

      **PLAINTIFFS,**             **CASE NO.:**

**v.**

**WING, GRILL & BEER MASTERS INC.**
**and CARA TUMINELLO, an individual,**

      **DEFENDANTS.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JAMIE BLOCK and RANDI REZUTKA ("Plaintiffs"), by and through undersigned counsel, hereby sues Defendants, WING, GRILL & BEER MASTERS INC. and CARA TUMINELLO in her individual capacity ("Defendants"), and in support of her claims states as follows:

1.      This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage and failure to pay overtime.

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.      Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Citrus County, Florida.

4.      Defendant WING, GRILL & BEER MASTERS INC. operates a restaurant in Crystal River, in Citrus County, Florida.

5.      Defendant WING, GRILL & BEER MASTERS INC. is a Florida corporation.

6.     Plaintiff JAMIE BLOCK worked for Defendant WING, GRILL & BEER MASTERS INC. as a server at the restaurant.

7.     Plaintiff RANDI REZUTKA worked for Defendant WING, GRILL & BEER MASTERS INC. as a server and bartender at the restaurant.

8.     As part of her duties, Defendant CARA TUMINELLO supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff.  Defendant CARA TUMINELLO also controlled the payroll practices of WING, GRILL & BEER MASTERS INC.

9.     Through the exercise of dominion and control over all employee-related matters at WING, GRILL & BEER MASTERS INC., CARA TUMINELLO, in her individual capacity, is an "employer" within the meaning of the FLSA.

10.     At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

11.     As part of thier regular job duties for Defendants, Plaintiffs routinely and regularly used and/or handled items moving in the stream of commerce.

12.     At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

13.     At all times material hereto, Defendants were an "employer" within the meaning of the FLSA.

14.     Defendants continue to be an "employer" within the meaning of the FLSA.

2

15.     At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

16.     At all times material hereto, the annual gross sales volume of Defendant WING, GRILL & BEER MASTERS INC. exceeded $500,000 per year.  Thus, Defendant WING, GRILL & BEER MASTERS INC. was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

17.     At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

18.     Plaintiffs have satisfied all conditions precedent, or they have been waived.

19.     Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

20.     Plaintiffs request a jury trial for all issues so triable.

## FACTS

21.     During the statutory period, Plaintiff JAMIE BLOCK worked for Defendants as a server and manager.

22.     During the statutory period, Plaintiff RANDI REZUTKA worked for Defendants as a waitress and bartender.

23.     At all times material hereto, Plaintiffs, while employed by Defendants, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

24.     Specifically, Plaintiffs were not employed by Defendants in a bona fide administrative, executive, or professional capacity.  In particular, Plaintiffs had no authority

to hire or terminate any other employee of Defendants; they had no special or professional qualifications and skills for the use of which they were employed by Defendants; and they had no control whatsoever over Defendants' business operations, even from an administrative standpoint.

25.     Thus, Plaintiffs are "non-exempt employees" who are covered by the FLSA.

26.     At all times material hereto, Plaintiffs worked hours at the direction of Defendants, and they were not paid a minimum wage for all of the hours that they worked.

27.     By not paying Plaintiffs any compensation for the hours they worked, Defendants failed to pay Plaintiffs a minimum wage.

28.     At various times material hereto, Plaintiffs worked hours in excess of forty hours within a work week for Defendants, and they was entitled to be compensated for all of their overtime hours at a rate equal to one and one-half times their regular hourly rate.

29.     Defendants failed to pay Plaintiffs an overtime premium for all of the hours that Plaintiffs worked in excess forty hours within a work week.

30.     Defendants failed to keep accurate records of the hours worked by Plaintiffs.

31.     In response to Defendants' failure to pay Plaintiffs any wages for the months that they worked for Defendant, Plaintiffs reported this unlawful activity to the US Department of Labor.

32.     The US Department of Labor's investigation found that Defendant WING, GRILL & BEER MASTERS INC. violated the FLSA's minimum wage, overtime, and record keeping provisions.

33.    Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

34.    Plaintiffs reallege and readopt the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

35.    During the statutory period, Plaintiffs worked for Defendants, and they were not paid the applicable minimum wage for the hours that they worked, as mandated by the FLSA.

36.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

37.    As a result of the foregoing, Plaintiffs have suffered damages.

*WHEREFORE*, Plaintiffs demand:

a)    Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable statutory minimum wage;

b)    Judgment against Defendants stating that Defendant's violations of the FLSA were willful;

c)    An amount equal to Plaintiffs' minimum wage damages as liquidated damages;

d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)    A declaratory judgment that Defendants' practices as to Plaintiffs were unlawful, and grant Plaintiffs equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## COUNT II – FLSA OVERTIME VIOLATION

38. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

39. During the statutory period, Plaintiffs worked overtime hours while employed by Defendants, and they were not compensated for all of these hours in accordance with the FLSA.

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

41. As a result of the foregoing, Plaintiffs have suffered damages.

*WHEREFORE*, Plaintiffs demand:

a) Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

b) Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

c) An amount equal to Plaintiffs' overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaration that Defendants' practices as to Plaintiffs were unlawful, and grant Plaintiffs equitable relief;

f)      All costs and attorney's fees incurred in prosecuting these claims; and

g)      For such further relief as this Court deems just and equitable.

### **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this _____ day of January, 2016.

Respectfully submitted,


**MATTHEW K. FENTON**
Florida Bar Number: 0002089
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida  33602
Direct Dial: 813-223-6413
Main Number: 813-224-0431
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
E-Mail: tsoriano@wfclaw.com
**Attorneys for Plaintiffs**