**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JAMIE BLOCK and**
**RANDI REZUTKA,**

      **PLAINTIFFS,**                    **CASE NO.:   5:16-CV-00055-JSM-PRL**

**v.**

**WING, GRILL & BEER MASTERS INC.**
**and CARA TUMINELLO, an individual,**

      **DEFENDANTS.**
_____/

### PLAINTIFFS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE

Plaintiffs, pursuant to this Court's April 22, 2016, Order to Show Cause, hereby responds why the Plaintiff's Motion for Clerk's Default should not be denied, and in support thereof, Plaintiffs state the following:

### Supporting Facts

1.      Plaintiffs filed their Complaint on February 2, 2016, which was served on February 5, 2016.

2.      On March 28, 2016, Plaintiffs filed a Motion for Clerk's Default against Defendants for failure to file a responsive pleading to Plaintiffs' Complaint.

3.      On April 22, 2016, this Court entered an Order directing Plaintiffs to show cause why the motion for clerk's default should not be denied for failure to establish that service was effected on Defendants.

## MEMORANDUM OF LAW

### I.      Plaintiffs perfected service on Defendants.

The Clerk's Default should be entered in this case because Plaintiff's perfected service on

Defendants.  Before a clerk's default can be entered, the serving party must establish that the

serving party was properly served. *Laing v. Cordi, III*, No. 2:11cv-566-FtM-29SPC, 2012 WL

4828312 at *1 (M.D. Fla. Oct. 10, 2012); *Manheim Automotive Fin., Servs., Inc. v. Information

Matrix Tech., Inc.*, No. 2:12-cv-360-FtM-29-SPC, 2012 WL 3947207 at *1 (M.D. Fla. Sept. 10,

2012).

### A.      Plaintiffs properly served the Corporate Defendant, WING, GRILL & BEER MASTERS INC. pursuant to Fla. Stat. § 48.081(3)(a).

The Federal Rules of Civil Procedure offer several options for one attempting service of

process upon a corporate defendant.  Rule 4(d)(3) provides that service may be made upon a

domestic or foreign corporation "by delivering a copy of the summons and of the complaint to an

officer, managing or general agent, or to any other agent authorized by appointment or by law to

receive service of process . . . ."  In addition to Rule 4(d)(3), Rule 4(c)(2)(C)(i) provides that

service may be made upon a corporation "pursuant to the law of the State in which the district

court is held for the service of summons or other like process upon such defendant in an action

brought in the courts of general jurisdiction of that State . . . ."

In Florida, service of process upon a corporation is governed by § 48.081 of the Florida

Statutes.  The statute provides a list of officers and agents, in order of preference, upon whom

service may be made. Subsection (3) of the statute provides

> As an alternative to all of the foregoing, process may be served on the agent
> designated by the corporation under s. 48.091.  However, if service cannot be
> made upon a registered agent because of failure to comply with s. 48.091,
> service shall be permitted on any employee at the corporation's place of business.

Fla. Stat. § 48.091(2), states that

> Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours.  The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

In *EEOC v. Pettegrove Truck Service, Inc.*, 1988 U.S. Dist. LEXIS 16440 (S.D. Fla. 1988), the court was presented with a motion to quash service under circumstances where the process server served an employee of a corporate defendant.  The place of business for the company and the registered agent's office were listed as the same address. *Id.*  When the process server attempted to serve the registered agent, she was not present, but an employee was. *Id.*  The process server, therefore, served the employee with the summons and complaint. *Id.*  The court held that service upon the employee at the place of business was proper because the corporate Defendant failed to comply with Fla. Stat. § 48.091(2). *Id.*  Based on the facts of that case, the court further reasoned that it did not matter whether the summons and complaint was placed in the employee's hand or outside on a work bench because the employee appeared to understand the nature of the papers being served and because the employee was rather elusive and uncooperative when the process server attempted service. *Id.*

In this case, the corporate Defendant, WING, GRILL & BEER MASTERS. INC. (hereinafter "corporate Defendant"), lists 579 US HWY 19, Crystal River, Florida 34428, as both its principal address and registered agent address.  It lists C. Tuminello as its Registered Agent. On or about February 5, 2016, Plaintiffs' process server attempted service of the Corporate Defendant at this address. (Doc. 6).  However, upon arriving at the listed address, the store front was vacant and the business was no longer located there. (Doc. 6).   Thus, the Corporate

Defendant was in violation of Fla. Stat. § 48.091(2) for failing to keep the business open from 10 a.m. to 12 p.m.

The process server discovered the business is currently located at 715 US HWY 19, Crystal River, Florida 34428, and proceeded to that location. (Doc. 6).   Upon arrival at the correct business location still between the hours of 10 a.m. and 12 p.m., an employee, Cara Tuminello, ran to the front door and locked it. (Doc. 6).   The process server knows Cara Tuminello as he has served her several times. (Doc. 6).  The process server knocked on the door, but Cara Tuminello recognized his presence but refused to open the door. (Doc. 6).  At that point the process server announced his presence and intention to serve a summons on the Corporate Defendant, and left the summons through the locked door handle after announcing that he was doing so. (Doc. 6).   When the process server drove by the premises later that day, Cara Tuminello was standing outside the front door and the papers had been removed from the door handle.

Because the Corporate Defendant violated Fla. Stat. § 48.091(2), the process server properly served Cara Tuminello, an employee of the Corporate Defendant, at the place of business, in an identical manner as was done in *Pettegrove*.   Therefore, Plaintiffs perfected service on the Corporate Defendant, and the clerk's default should be entered against the Corporate Defendant.

**B.    Plaintiffs properly served the Individual Defendant, CARA TUMINELLO pursuant to Florida law.**

In Florida, service of process upon a person is governed by § 48.031 of the Florida Statutes.  Subsection (1)(a) directs that service is accomplished by personally delivering a copy of the complaint, petition, or other initial pleading to the person to be served.  Fla. Stat. § 48.031(1)(a).  However, in a situation where

4

> "the person to be served flees from the presence of the process server in a deliberate attempt to avoid service of process, the delivery requirement of [Fla. Stat. § 48.031(1)(a)] may be satisfied if the process server leaves the papers at a place from which such person can easily retrieve them and takes reasonable steps to call such delivery to the attention of the person to be served."

*Olin Corp. v. Haney*, 245 So. 2d 669, 670-71 (Fla. 4th DCA 1971) (holding service of process should not have been quashed with respect to individual who, upon sight of process server, ran back into her house screaming, "No! No!" and where process server went to the front door, identified himself, read the summons, and left the summons at the front door after announcing his intention to do so).

In the instant case, the process server acted in conformance with Florida law when serving the Individual Defendant, Cara Tuminello.  Upon noticing the process server's arrival at the business location where Cara Tuminello worked, she ran to the front door and locked it. (Doc. 6).  The process server knows Cara Tuminello as he has served her several times. (Doc. 6). The process server knocked on the door, but Cara Tuminello recognized his presence and refused to open the door. (Doc. 6).  Instead, Cara Tuminello smiled at the process server and proceed to assist a customer of the restaurant. (Doc. 6).  At that point the process server announced his presence and intention to serve a summons on Cara Tuminello and left the summons through the locked door handle after announcing that he was doing so. (Doc. 6).  When the process server drove by the premises later that day, Cara Tuminello was standing outside the front door and the papers had been removed from the door handle.

Therefore, service was proper on the Individual Defendant, Cara Tuminello, because she fled from the presence of the process server in a deliberate attempt to avoid service of process and the process server left the papers at a place from which Cara Tuminello could easily retrieve them, taking reasonable steps to call such service to the attention of Cara Tuminello.

*WHEREFORE*, Plaintiffs have responded to this Court's Order to Show Cause, with citation to legal authority, and requests that this Court directs the clerk to enter a default against Defendants.

Dated this 4th day of May, 2016.

Respectfully submitted,

/s/ Matthew K. Fenton
**MATTHEW K. FENTON**
Florida Bar Number: 0002089
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida  33602
Direct Dial: 813-223-6413
Main Number: 813-224-0431
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
E-Mail: tsoriano@wfclaw.com
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of May, 2016, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system. I further certify that I mailed a true and accurate copy of the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

WING, GRILL & BEER MASTERS INC.
C/O TUMINELLO TUMINELLO, REGISTERED AGENT
715 US HWY 19
CRYSTAL RIVER, FL 34428

CARA TUMINELLO
1239 S SUNCOAST BLVD UNIT 7
HOMOSSASSA, FL 34448

/s/ Matthew K. Fenton
**MATTHEW K. FENTON**

6