**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JAMIE BLOCK and RANDI REZUTKA,**

     **Plaintiffs,**

**v.**                                              **Case No: 5:16-cv-55-Oc-30PRL**

**WING, GRILL & BEER MASTERS,**
**INC. and CARA TUMINELLO**

     **Defendants.**

_____

## ORDER

This matter is before the Court on Plaintiffs' motion for entry of a clerk's default as to both defendants, Wing, Grill & Beer Masters, Inc. (the "corporate defendant") and Cara Tuminello. (Doc. 8).   Pursuant to Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   However, before a clerk's default can be entered, the serving party must establish that the defaulting party was properly served.   *Laing v. Cordi, III*, No. 2:11cv-566-FtM-29SPC, 2012 WL 4828312 at *1 (M.D. Fla. Oct. 10, 2012); *Manheim Automotive Fin., Servs., Inc. v. Information Matrix Tech., Inc.*, No. 2:12-cv-360-FtM-29-SPC, 2012 WL 3947207 at *1 (M.D. Fla. Sept. 10, 2012).

Here, the returns of service reflect that both defendants were served on February 5, 2016 at 11:20 a.m.   (Docs. 6 & 7).   According to the process server, he attempted to serve the corporate defendant at 579 US HWY 19, Crystal River, Florida 34428 because it was listed as both its principal address and registered agent address.   Upon arrival at the listed address, the store front was vacant and the business was no longer there.   The process server then discovered that the

business is currently located at 715 US HWY 19, Crystal River, Florida 34428.   At his arrival at

the new location, an employee, Cara Tuminello, ran to the front door and locked it.   The process

server knows Cara Tuminello because he has previously served her several times.   He knocked

on the door and Cara Tuminello recognized his presence but refused to open it.   According to the

process server, Cara Tuminello smiled at him and proceeded to assist a customer in the restaurant.

At that point, the process server announced his presence and intention to serve a summons on both

her and the corporate defendant, and left the summons through the locked door handle after

announcing that he was doing so.   When the process server drove by the premises later that day,

Cara Tuminello was standing outside the front door and the papers had been removed from the

door handle.

Because the circumstances of service were unusual, I directed Plaintiffs to show cause why

the instant motion should not be denied for failing to establish that defendants had been properly

served.   (Doc. 9).   Based on Plaintiffs' response (Doc. 10), I am now satisfied that Plaintiffs have

met their burden regarding service.

The Federal Rules of Civil Procedure provide that service may be made upon an individual

and a corporation "pursuant to the law of the State in which the district court is held . . . ."

Fed.R.Civ.P. 4(e)(1) & (h)(1)((A).   In Florida, service of process upon a corporation is governed

by § 48.081, Florida Statutes, which provides a list of officers and agents upon whom service may

be made.   Subsection 3 provides:

> As an alternative to all of the foregoing, process may be served on the agent designated by
> the corporation under § 48.091.   However, if service cannot be made upon a registered
> agent because of failure to comply with §48.091, service shall be permitted on any
> employee at the corporation's principal place of business or on any employee of the
> registered agent.

Section 48.091(2) states that

Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during those hours.

Here, because the corporate defendant failed to keep the registered office open from 10 a.m. to 12 p.m. at the listed address in violation of §48.091(2), Florida Statutes, the process server properly served Cara Tuminello, an employee of the corporate defendant, at the place of business. *See EEOC v. Pettegrove Truck Service, Inc.*, 123 F.R.D. 354, 355-56 (S.D. Fla. 1988) (service on employee at place of business was proper because corporate defendant failed to comply with § 48.091(2)).[1]

Likewise, Plaintiffs properly served Cara Tuminello in her individual capacity.   Section 48.031(1)(a), Florida Statutes, provides that service is accomplished by personally delivering a copy of the complaint to the person to be served.   However, courts have recognized that when

the person to be served flees from the presence of the process server in a deliberate attempt to avoid service of process, the delivery requirement of [Fla. Stat. §48.031(1)(a)] may be satisfied if the process server leaves the papers at a place from which such person can easily retrieve them and takes reasonable steps to call such delivery to the attention of the person to be served.

*Olin Corp. v. Haney*, 245 So. 2d 669, 670-71 (Fla. App. Ct. 1971) (holding service of process should not have been quashed where individual, upon sign of process server, ran back into her house screaming and process server went to the front door, identified himself, read the summons, and left the summons at the front door after announcing his intention to do so).   As detailed above, upon seeing the process server who had served her in the past, Cara Tuminello locked the door of

---

[1] It is unclear whether Cara Tuminello is the "C. Tuminello" listed as the registered agent for the corporate defendant.   If she is the registered agent then service would be proper under § 48.081(3).

the business in a deliberate attempt to avoid service of process; the process server left the papers at the front door where she could easily retrieve them; and he called the service to her attention.

Because Plaintiffs have established that both defendants were properly served with a copy of the summons and complaint on February 5, 2016, and to date, they have not filed or served a responsive pleading, Plaintiffs' motion for entry of clerk's default (Doc. 8) is due to be **GRANTED.**   The clerk is directed to enter default against Wing, Grill and Beer Masters, Inc. and Cara Tuminello.

**DONE** and **ORDERED** in Ocala, Florida on June 1, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties