UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JAMIE BLOCK and RANDI REZUTKA,**

    **Plaintiffs,**

v.                                                        Case No: 5:16-cv-55-Oc-30PRL

**WING, GRILL & BEER MASTERS,
INC. and CARA TUMINELLO**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on Plaintiffs' motion requesting an order finding that property in the hands of or under the control of the Impleader Defendants be applied to satisfy the outstanding final default judgment and that a judgment also be entered against the Impleader Defendants. (Doc. 33). No response has been filed in opposition. For the reasons discussed below, Plaintiffs' motion should be **GRANTED**.

**I.    Background**

On August 15, 2016, the Court entered default judgment in favor of Plaintiffs Jamie Block and Randi Rezutka against Defendants Wing, Grill & Beer Masters, Inc. and Cara Tuminello in the amount of $33,663.00. (Doc. 19). The judgment remains uncollected.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Plaintiffs, as the judgment creditors, moved for leave to institute supplementary proceedings in aid of execution by impleading Nomdeplume, Inc. d/b/a WGB's Sports Craft Bar & Grill ("Nomdeplume") and Brianna Shafer (the "Impleader Defendants"). (Doc. 20). Plaintiffs claimed that the Impleader Defendants have possession of property belonging to the judgment debtors (Wing, Grill & Beer Masters, Inc. and Cara Tuminello) and Plaintiffs seek to use that property to pay the outstanding judgment. Specifically, Plaintiffs identified the following property:

(a) Leasehold interest in property located at 715 Southeast Highway 19, Crystal River, FL 34429;

(b) Retail Alcoholic Beverages License Number BEV 1909994; and

(c) All other personal property of Wing, Grill & Beer Masters, Inc., including but not limited to bar and restaurant equipment, furniture, receivables, accounts, inventory, and tangible and intangible property located at 715 Southeast Highway 19, Crystal River, FL 34429.

Plaintiffs offered evidence showing that on May 3, 2016—after the underlying Complaint was filed in this action and after Plaintiffs moved for a default against Defendants, Brianna Shafer (Cara Tuminello's daughter) filed Articles of Incorporation with the Florida Department of State in order to form Nomdeplume. (Doc. 20-3). On May 24, 2016, the judgment debtor, Wing, Grill & Beer Masters, Inc., assigned its lease of property located at 715 Southeast Highway 19, Crystal River, FL 34429 to Nomdeplume. (Doc. 20-4). On or about May 26, 2016, Brianna Shafer registered the fictitious name—WGB's Sports Craft Bar & Grill—with the Florida Department of State for Nomdeplume. (Doc. 20-7). On May 26, 2016, Wing, Grill & Beer Masters, Inc. filed an "Application for Transfer of Ownership of an Alcoholic Beverage License" with the Florida Department of Alcoholic Beverages and Tobacco to transfer its Retail Alcoholic Beverages

License Number BEV 1909994 to Nomdeplume. (Doc. 20-5). The application was approved and the license was transferred. (Doc. 20-6). Plaintiffs further asserted that on or about May 26, 2016, Wing, Grill & Beer Masters, Inc. and Cara Tuminello transferred all other property of Wing, Grill & Beer Masters, Inc., to the Impleader Defendants, including but not limited to bar and restaurant equipment, furniture, account receivables, accounts, inventory, and tangible and intangible property.

The Court granted Plaintiffs' motion and directed the issuance and service of process upon Nomdeplume and Brianna Shafer. (Doc. 22). Accordingly, on May 23, 2017, summons were issued directed to Nomdeplume (Doc.23) and Brianna Shafer (Doc. 24). On June 15, 2017, Plaintiffs filed proof of service showing that service was made on Nomdeplume's registered agent on May 30, 2017. (Doc. 25). On June 23, 2017, Plaintiffs filed proof of service showing that personal service was made on Brianna Shafer on June 2, 2017. (Doc. 27).

On June 22, 2017, Brianna Shafer appeared and filed a motion requesting an extension of time to retain counsel. (Doc. 26). Despite being granted an extension until July 28, 2017, and being advised that Nomdeplume could only appear through counsel, no counsel has filed a notice of appearance and Ms. Shafer has not requested additional time.

On August 11, 2017, the Court issued Notices to Appear as required by Fla. Stat. § 56.29(2). The Notices directed the Impleader Defendants to file an affidavit within 21 days from the date of service stating why the above property should not be applied to satisfy the judgment. They further advised that "[i]f you fail to file the affidavit on or before the date above, a default may be entered against you and the Court may order the property, debt or other obligation to be used to pay towards or satisfy the judgment." Despite being served with the Notices in mid-August (Docs. 31 and 32), neither Nomdeplume nor Brianna Shafer have filed an affidavit, or any paper

for that matter stating why the property listed in the Notices to Appear should not be applied toward the debt. Accordingly, the Impleader Defendants are in default status.

Now, Plaintiffs have filed the instant motion seeking an order that the property of the judgment debtors in the hands of or under the control of the Impleader Defendants be applied to satisfy the judgment entered in this case and that a judgment be entered against the Impleader Defendants. (Doc. 33). The Impleader Defendants have not filed any response and their time to do so has passed.

**II.     Discussion**

Plaintiffs specifically ask the Court for two categories of relief. Plaintiffs ask that the Court order that the property of the judgment debtors in the hands of or under the control of the Impleader Defendants, Nomdeplume, Inc. d/b/a/ WGB's Sports Craft Bar and Grill and Briana Shafer, be levied upon and applied toward the satisfaction of the judgment. In addition, Plaintiffs ask the Court to enter a judgment in favor of Plaintiffs and against the Impleader Defendants in the original amount of the judgment of $33,663.00.

Both categories of requested relief are specifically authorized by Florida Statute §56.29(6), which states:

> The court may order any property of the judgment debtor, not exempt from execution, or any property, debt, or other obligation due to the judgment debtor, in the hands of or under the control of any person subject to the Notice to Appear, to be levied upon and applied toward the satisfaction of the judgment debt. The court may enter any orders, judgments, or writs required to carry out the purpose of this section, including those orders necessary or proper to subject property or property rights of any judgment debtor to execution, and including entry of money judgments as provided in ss. 56.16-56.19 against any person to whom a Notice to Appear has been directed and over whom the court obtained personal jurisdiction irrespective of whether such person has retained the property, subject to applicable principles of equity, and in accordance with chapters 76 and 77 and all applicable rules of civil procedure. Sections 56.16-56.20 apply to any order issued under this subsection.

Plaintiffs claim that this relief is necessary to prevent the Impleader Defendants from dissipating and transferring the personal property of the judgment debtors or taking other measures to delay, hinder, or prevent Plaintiffs from collecting their judgment. Here, based on the unrefuted evidence discussed above, and in the absence of any response in opposition (despite repeated opportunities), I submit that Plaintiffs' motion (Doc. 33) should be GRANTED and the Court should:

1. Order that the transfers by Wing, Grill & Beer Master, Inc. and Cara Tuminello of the leasehold interest, the retail alcoholic beverages license and of all other personal property of Wing, Grill & Beer Masters, Inc., including but not limited to bar and restaurant equipment, furniture, receivables, accounts, inventory, and tangible and intangible property be deemed null and void against Plaintiffs in execution and that they be levied upon and applied toward the satisfaction of the judgment debt;

2. Enter a money judgment in favor of the Plaintiffs against the Impleader Defendants in the original amount of the judgment of $33,663.00.

**DONE** and **ENTERED** in Ocala, Florida on November 9, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties