UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMIE BLOCK and
RANDI REZUTKA,
    Plaintiffs,

v.        Case No: 5:16-cv-00055-JSM-PRL

WING, GRILL & BEER MASTERS,
INC. and CARA TUMINELLO,
    Defendants

and

NOMDEPLUME, INC. d/b/a WGB'S
SPORTS CRAFT BAR AND GRILLE
and BRIANNA SHAFER,
    Impleader Defendants

and

REGAL CINEMAS, INC.,
    Garnishee
_____/

### REPORT AND RECOMMENDATION[1]

On January 16, 2109, Brianna Shafer filed a claim of exemption and request for hearing (Doc. 51). In response, Plaintiffs filed a sworn statement traversing the claim of exemption. (Doc. 54). Accordingly, the Court set the matter for hearing on February 8, 2019. Ms. Shafer did not appear at the hearing, despite being ordered to do so. (Doc. 55). Upon referral and for the reasons explained below, Ms. Shafer's claim of exemption is due to be denied.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

### I.     Background

In February 2016, Plaintiffs brought a claim under the Fair Labor Standards Act against their employer, alleging that Defendants failed to pay Plaintiffs minimum wage and overtime. (Doc. 1). Defendants failed to answer, and in August 2016, this Court entered final default judgment against Defendants in the amount of $33,663. (Doc. 18, 19). Over two years later, Plaintiffs are still trying to collect the judgment. (Doc. 48).

In May 2017, Plaintiffs presented evidence that Defendants had transferred assets to Ms. Shafer and Nomdeplume, Inc. (Doc. 20). Ms. Shafer is Defendant Cara Tuminello's daughter, and Nomdeplume, Inc. is a corporation that Ms. Shafer formed after Plaintiffs moved for default judgment against Defendants. (Doc. 20). This Court impleaded both Ms. Shafer and Nomdeplume, Inc. as defendants. (Doc. 22).

After being impleaded, Ms. Shafer sought an extension of time to retain counsel, and while this Court granted Ms. Shafer an extension through July 2017, no counsel appeared. (Docs. 26, 28). In August 2017, this Court issued Ms. Shafer a notice to appear, which directed her to file an affidavit explaining why she should not have to satisfy Defendants' judgment. (Doc. 30). Ms. Shafer failed to respond, and this Court issued judgment against her in November 2017. (Docs. 35, 36). Since then, Ms. Shafer has taken no action in the case until filing this claim of exemption in response to Plaintiffs' continuing writ of garnishment against Ms. Shafer's wages or salary. (Docs. 48, 51).

### II.    Discussion

The burden falls on Ms. Shafer to prove entitlement to an exemption from wage garnishment. *In re Parker*, 147 B.R. 810, 812 (Bankr. M.D. Fla. 1992). The only category of

exemption that Ms. Shafer claimed is "[o]ther exemptions as provided by law." (Doc. 51). Ms. Shafer's very limited explanation of her claimed exemption seems to be that an indemnification and trust agreement show that she did not receive any assets and that she will not have any assets until the death of her father. (Doc. 51). [2]

Although Ms. Shafer's exemption must be "provided by law," Ms. Shafer points to no authority for the proposition that having assets in a trust account would exempt her wages from being continually garnished. The garnishment against Ms. Shafer's wages names Regal Cinemas, Inc. as the garnishee, and Regal Cinemas answered that it would withhold $244.42 from Ms. Shafer's bi-weekly paychecks. (Doc. 48, 53). While Ms. Shafer wrote in the margin of the trust agreement appended to her claim of exemption, "I have no assets," Ms. Shafer failed to explain why her bi-weekly paycheck from Regal Cinemas is not an asset that can be garnished. (Doc. 51).

Similarly, Ms. Shafer failed to explain why an indemnification agreement between Nomdeplume, Inc. and herself would exempt her from a continuous wage garnishment. While the agreement purports to require Nomdeplume, Inc. to indemnify Ms. Shafer, it would not prevent Plaintiffs (who are not parties to the Indemnification Agreement) from collecting a valid judgment against Ms. Shafer. And to the extent Ms. Shafer is attempting to use this agreement as a means of collaterally attacking the judgment itself, the judgment was entered over a year ago

---

[2] Ms. Shafer's explanation consists of three sentences: "Idemnification [sic] agreement + trust show I did not own anything unless my dad died. No assets were ever recieved [sic] by me. Exempt → never owner." (Doc. 51).
    Ms. Shafer also attached copies of a trust agreement and an indemnification agreement. (Doc. 51 at 3-6, 7-12). The trust agreement purports to place one hundred percent of Nomdeplume, Inc. into a trust, with Ms. Shafer's parents, Cara Cacioppo-Tuminello and Vito Tuminello, as the sole beneficiaries of the trust for their lifetimes. Upon the death of both beneficiaries, one hundred percent of the trust will transfer to Ms. Shafer. The indemnification agreement requires Nomdeplume, Inc., to indemnify Ms. Shafer for any judgment incurred against her as a result of her relationship with Nomdeplume, Inc.

(Doc. 36), so she cannot challenge it now. Fed. R. Civ. P. 60. In any event, Ms. Shafer has failed to appear at the hearing, leaving the Court with nothing but the minimal and otherwise insufficient information she has provided.

### III.  Recommendation

Accordingly, because Ms. Shafer has failed to show that the trust and the indemnification agreement constitute an exemption as provided by law from a continuous garnishment of her wages her claim of exemption (Doc. 51) should be denied.

DONE and ENTERED in Ocala, Florida on February 8, 2019.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:
Counsel/Parties of record
Brianna Shafer